UNITED STATES of America, Plaintiff-Appellee,

v.

The HANNAN COMPANY and Hannan South Construction, Inc., Defendants-Appellants.

No. 79–4003.

United States Court of Appeals, Fifth Circuit.
Unit B

March 13, 1981.

Lapidus & Stettin, Richard L. Lapidus, Miami, Fla., for defendants-appellants.

Atlee W. Wampler, U. S. Atty., Miami, Fla., Gilbert E. Andrews, Chief, Appellate Section, M. Carr Ferguson, Asst. Atty. Gen., Jonathan S. Cohen and Jo-Ann Horn, Tax Div. D. of J., Washington, D. C., for plaintiff-appellee.

Before HILL and FRANK M. JOHNSON, Jr., Circuit Judges and SCOTT *, District Judge.

JAMES C. HILL, Circuit Judge:

The Hannan Company and Hannan South Construction, Inc. [hereinafter appellants] are general contractors who in late 1970 paid substantial sums of money into the payroll account of its electrical subcontractor, Medallion Electric Company. Appellants' purpose in so doing was singular: they sought Medallion's successful completion of a pending mall construction project near Miami, Florida. Undisputed in this case is appellants' knowledge that Medallion would be unable to pay the required withholding taxes on wage disbursals from the "revitalized" payroll account.

Medallion did not pay its withholding, Social Security, or unemployment taxes and the Commissioner of the Internal Revenue Service (hereinafter IRS) brought suit under 26 U.S.C. § 3505(b) (1976), which provides:

> If a lender, surety, or other person supplies funds to or for the account of an employer for the specific purpose of paying wages of the employees of such employer, with actual notice or knowledge ... that such employer does not intend to or will not be able to make timely payment or deposit of the amounts of tax required by this subtitle to be deducted and withheld by such employer from such wages, such lender, surety or other person shall be liable in his own person and estate to the United States in a sum equal to the taxes (together with interest) which are not paid over to the United States by such employer with respect to such wages. However, the liability of such lender, surety, or other person shall be limited to an amount equal to 25 percent of the amount so supplied to or for the account of such employer for such purpose.

The United States District Court, Southern District of Florida, found for the IRS and entered final judgment of $28,458.37 against appellants, which judgment included nearly $10,000 of prejudgment interest. While appellants argued to the district court that by including prejudgment interest in the total amount assessed,[1] it has exceeded the "25 percent" statutory limitation, the district court was not moved. We are.

The statute does at least two things. It defines the liability of the party advancing funds under these circumstances: he "shall be liable ... in a sum equal to the taxes (together with interest) which are not paid ... by such employer ...." "The statute then creates a limitation upon that liability: However, the liability ... shall be limited to an amount equal to 25 percent of the amount so supplied ...."

The IRS urges that policy considerations militate against our finding the 25 percent limitation applicable to prejudgment interest. We cast aside such considerations in favor of the very language of the Congressional enactment. The limitation of § 3505(b), as indicated by the statutory parenthetical, "together with interest," applies to total liability—taxes *and* interest. Thus, while the policy considerations that the IRS brings to our attention may well be desirable from a legislative viewpoint, the statute simply does not advance them to the extent the IRS desires. In rejecting IRS'

---

* District Judge of the Middle District of Florida, sitting by designation.

1. In effect, the district court approved the following measure of § 3505(b) liability:

Liability = [(Total Payment) (25%)] + Prejudgment Interest

That measure of liability resulted in a judgment equalling 38% of the amount appellants deposited into Medallion's payroll account.

position on this point, we join the other Courts of Appeals who have passed upon the matter, *see United States v. Intercontinental Industries, Inc.,* 635 F.2d 1215, 1221–1222 (6th Cir. 1980) (petition for rehearing pending); *United States v. Metro Construction Company, Inc.,* 602 F.2d 879, 880–82 (9th Cir. 1979).

Accordingly, the judgment of the district court is vacated and the case is remanded for entry of judgment in conformity with this opinion.

VACATED and REMANDED.